**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANDREW PANDOLFI; MANDI SHAWCROFT, individually and on behalf of all others similarly situated,

Plaintiffs - Appellees,

v.

AVIAGAMES, INC.; VICKIE YANJUAN CHEN; PING WANG,

Defendants - Appellants,

and

ACME, LLC, GALAXY DIGITAL CAPITAL MANAGEMENT, LP,

Defendants.

No. 24-5817

D.C. No.
3:23-cv-05971-EMC

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted August 15, 2025
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: RAWLINSON and KOH, Circuit Judges, and FITZWATER, District Judge.[**]

Defendants-Appellants Aviagames, Inc., Vickie Yanjuan Chen, and Ping Wang (collectively, "Avia") appeal the district court's order denying their motion to compel arbitration on the grounds that the arbitration agreement at issue, and the delegation clause within it, are unconscionable. We have jurisdiction pursuant to 9 U.S.C. § 16(a)(1)(B). Because the parties are familiar with the facts, we recite them only as necessary to explain our decision. We affirm.

1.    "We review denial of a motion to compel arbitration de novo and review findings of fact underlying the district court's decision for clear error." *Lim v. TForce Logistics, LLC*, 8 F.4th 992, 999 (9th Cir. 2021) (citation modified). "We review a district court's decision not to sever unconscionable portions of an arbitration agreement for abuse of discretion." *Id.*

"[U]nconscionability is a generally applicable contract defense that may render an agreement to arbitrate unenforceable." *Chalk v. T-Mobile USA, Inc.*, 560 F.3d 1087, 1092 (9th Cir. 2009). Under California law, the party asserting unconscionability "has the burden to establish unconscionability." *Ramirez v. Charter Commc'ns, Inc.*, 551 P.3d 520, 530 (Cal. 2024). "Unconscionability has

---

[**]    The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

2

both a procedural and a substantive element." *Id*. at 529. Procedural unconscionability focuses "on oppression or surprise due to unequal bargaining power" at the time of "contract negotiation and formation." *Id*. at 530 (citation modified). Substantive unconscionability "considers the fairness of an agreement's actual terms, focusing on whether the contract will create unfair or one-sided results." *Id*. (citation modified). Although both procedural and substantive elements are needed for unconscionability, they need not "be present to the same degree. Courts apply a sliding scale analysis" where "the more substantively oppressive a term, the less evidence of procedural unconscionability is required," and vice versa. *Id*. (citation modified).

2.     The district court did not err in finding the delegation clause unconscionable. The delegation clause carries a modest degree of procedural unconscionability because it is hidden in the Terms of Service, *see Lim*, 8 F.4th at 1001; incorporates American Arbitration Association ("AAA") rules that are subject to change, *see Heckman v. Live Nation Ent., Inc.*, 120 F.4th 670, 682 (9th Cir. 2024); and a layperson would be surprised to find that the delegation clause is subject to the batching provision, *see OTO, L.L.C. v. Kho*, 447 P.3d 680, 691-92 (Cal. 2019).

Further, the delegation clause, read together with the batching provision, is substantively unconscionable because it could create lengthy delays to resolve a

3

gateway issue; those delays could have a chilling effect on players bringing claims to begin with; and the delays and chilling effects would likely only apply to claims brought by players, not Avia. As the arbitration agreement is not silent as to the batching provision, Avia's reliance on *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79 (2000), is unavailing. Moreover, we are not persuaded that the AAA Mass Arbitration Supplementary Rules ("Supplementary Rules") cited by Avia apply. The Supplementary Rules did not exist at the time of the arbitration agreement and future versions of the rules were not incorporated as "the then-current version." Even if the Supplementary Rules did apply, they do not authorize the appointment of a process arbitrator to rule on unconscionability, so it is irrelevant whether a process arbitrator may rule on its own jurisdiction.

3. The district court did not abuse its discretion in declining to sever the batching provision from the delegation clause. "Even if a contract *can* be cured, the court should also ask whether the unconscionability *should* be cured through severance or restriction because the interests of justice would be furthered by such actions." *Ramirez*, 551 P.3d at 547. Even if the batching provision's unconscionability was not well settled, as Avia claims, the district court was still within its discretion to find that severance was not in the interests of justice because Avia should not benefit from the batching provision's chilling effects.

4. The district court did not err in finding the arbitration agreement

4

unconscionable. The arbitration agreement, like the delegation clause, carries a modest degree of procedural unconscionability because it incorporates AAA rules that are subject to change. *See Heckman*, 120 F.4th at 682 ("Under California law, 'oppression is even more onerous' when a 'clause pegs both the scope and procedure of the arbitration to rules which might change.'") (quoting *Harper v. Ultimo*, 7 Cal. Rptr. 3d 418, 422 (Cal. Ct. App. 2003).

Further, the arbitration agreement is substantively unconscionable because it contains multiple substantively unconscionable provisions, including the batching provision, which on its own is substantively unconscionable, and the delegation clause. Additionally, the statute-of-limitations clause in the arbitration agreement is substantively unconscionable because it reduces the limitations period only for claims brought by players, not Avia. Avia's argument that the statute-of-limitations clause applies to both parties belies the plain text.

5. The district court did not abuse its discretion in declining to sever the unconscionable provisions from the arbitration agreement. Given the multiple unconscionable provisions in the arbitration agreement, the district court was within its discretion to find that Avia "engaged in a systematic effort to impose arbitration on the weaker party not simply as an alternative to litigation, but to secure a forum that works to [Avia's] advantage." *Ramirez*, 551 P.3d at 547.

**AFFIRMED**.

5